UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| MICHAEL J. FORMICA, | ) | |
| Petitioner, | ) | Case No. 7:14cv000357 |
| v. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| SUPERINTENDENT OF THE | ) | |
| CENTRAL VIRGINIA REGIONAL | ) | By: Joel C. Hoppe |
| JAIL, *et al.*, | ) | United States Magistrate Judge |
| Respondents. | ) | |

Michael J. Formica, a Virginia prisoner proceeding *pro se*, has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. Am. Pet., ECF No. 3. The Respondents moved to dismiss the petition, ECF Nos. 59, 62, 91, and Formica responded. Formica moved to stay federal-court proceedings and hold his petition in abeyance while he exhausts certain claims in state court, ECF Nos. 34, 58, which the Respondents oppose. Formica also moved to amend his habeas petition by adding unidentified claims. ECF No. 108.

The matter is before me for a report and recommendation by referral under 28 U.S.C. § 636(b)(1)(B). ECF No. 83. Having considered the parties' filings, the available state-court records, and the applicable law, I respectfully recommend that the presiding District Judge deny Formica's motions, grant the Respondents' motions to dismiss, and dismiss the petition with prejudice.

I. Standard of Review

A.    *Motion to Dismiss*

A person in custody pursuant to the judgment of a state court claiming the right to be released from a state sentence must show "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The prisoner ultimately must prove the facts supporting his grounds for federal habeas relief by a preponderance of the evidence. *See*

1

*Holland v. Jackson*, 542 U.S. 649, 654–55 (2004) (per curiam). On the respondent's motion to dismiss, however, "the familiar standards in Rule 12(b)(6) of the Federal Rules of Civil Procedure apply." *Walker v. Kelly*, 589 F.3d 127, 138 (4th Cir. 2009) (citing the current R. Gov. § 2254 Cases in U.S. Dist. Cts., Rule 12 (2010)). Thus, a motion to dismiss a habeas petition challenges whether the petition's factual allegations state a claim upon which relief can be granted under 28 U.S.C. § 2254. *Id.*; *Walker v. True*, 399 F.3d 315, 320 (4th Cir. 2005).

To survive a motion to dismiss, "the petition and any attached exhibits," R. Gov. § 2254 Cases in U.S. Dist. Cts., Rule 4, "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *accord Kelly*, 589 F.3d 139. A claim is "facially plausible" when the well-pled facts "allow[] the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged" under the governing law. *Iqbal*, 556 U.S. at 678. This "standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility," *id.*, that the state prisoner is in custody in violation of his federal rights. *See Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977); *cf. United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004) ("A court cannot summarily dismiss a [habeas] petitioner's allegations simply because the petitioner has yet to prove them by a preponderance of the evidence.").

Determining whether a petition clears this threshold is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In doing so, the court accepts as true all well-pled facts and construes those facts and all reasonable inferences in the petitioner's favor.[1] *Kelly*, 589 F.3d at 139. The court may also

---

[1] The court also must construe *pro se* pleadings liberally, so that any potentially valid claim can be fairly decided on its merits rather than the *pro se* litigant's legal acumen. *See Covey v. Assessor of Ohio Cnty*, 777 F.3d 186, 194 (4th Cir. 2015). Still, a *pro se* petitioner must "allege

consider the necessary state-court records, R. Gov. § 2254 Cases in U.S. Dist. Cts., Rule 5(c)–

(d), and matters of public record in conjunction with a Rule 12(b)(6) motion. *Kelly*, 589 F.3d at

139. Summary dismissal is not appropriate when the prisoner alleges facts that, if accepted as

true and not "directly contradicted" by the record, *United States v. Lemaster*, 403 F.3d 216, 221

(4th Cir. 2005), would entitle him to federal habeas relief on a particular claim. *See True*, 399

F.3d at 320.

B.      *Motion to Amend*

Leave to amend a pleading should be freely granted when justice so requires. Fed. R. Civ.

P. 15(a)(2). The court should deny leave "only where good reason exists," *Franks v. Ross*, 313

F.3d 184, 189 n.15 (4th Cir. 2002), such as when amending would be futile, cause undue delay,

or prejudice the opposing party, *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). A

proposed "amendment may properly be found futile where, as a matter of law, it fails to state a

claim" upon which relief can be granted. *Cominelli v. Rector & Visitors of the Univ. of Va.*, 589

F. Supp. 2d 706, 712 (W.D. Va. 2008).

## II. Background

On June 11, 2012, a grand jury in Greene County, Virginia, indicted Formica on four

felony and 16 misdemeanor counts related to stalking, trespassing, and repeatedly violating a

protective order. *See* Resp. Ex. A, Greene Cnty Cir. Crim. Div. Case Details at 1–41,

---

facts that state a cause of action, and district courts are not required 'to conjure up questions
never squarely presented to them.'" *Considder v. Medicare*, No. 3:09cv49, 2009 WL 9052195, at
*1 (W.D. Va. Aug. 3, 2009) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.
1985)), *aff'd* 373 F. App'x 341 (4th Cir. 2010). The court may also summarily reject both "vague
or conclusory" factual allegations and specific factual allegations that are "palpably incredible"
or "patently frivolous or false" compared to the petitioner's testimony during a properly
conducted plea colloquy. *Blackledge*, 431 U.S. at 76. Absent "extraordinary circumstances,"
even sworn allegations in a habeas petition "that directly contradict the petitioner's sworn
statements during a properly conducted [plea] colloquy are always 'palpably incredible' and
patently frivolous or false.'" *Lemaster*, 403 F.3d at 221.

*Commonwealth v. Formica*, Nos. CR12-99 to -102, and CR12-130 to -147, ECF No. 60-1 at 2–42. The charges stemmed from Formica's repeated attempts to contact his female victim in January and February 2012. *See* Resp. Ex. H, Plea Hr'g Tr. at 6–9, *Commonwealth v. Formica*, Nos. CR12-130 to -133, and CR12-135 to -137 (Va. Cir. Ct. Oct. 17, 2012), ECF No. 60-1 at 249–51.

A.      *Trial Court Proceedings*

Formica's jury trial was set to begin in circuit court on October 17, 2012. *See* Plea Hr'g Tr. 3. That morning, Formica and the Commonwealth entered into a written plea agreement.[2] *Id.* at 3–4. It called for Formica to plead guilty to seven misdemeanor counts: one count of stalking, in violation of Virginia Code § 18.2-60.3; one count of trespassing after being forbidden to do so, in violation of Virginia Code § 18.2-119; and five counts of violating a protective order, in violation of Virginia Code § 18.2-60.4. In exchange, the Commonwealth would *nolle prose* the other four felony and eleven misdemeanor counts of violating a protective order. *See id.* at 17–18. The parties also stipulated that the court would sentence Formica to a specific term of incarceration. *Id.* at 14–15, 18.

Formica appeared with his attorney, Scott Braxton Puryear, for a change-of-plea hearing before Circuit Judge Donald Haddock on October 17, 2012. *See id.* at 4. Judge Haddock first addressed Mr. Puryear's pending motion to withdraw from the case[3]:

---

[2] A signed copy of the written plea agreement was presented in open court. *See* Pl. Hr'g Tr. 3–4, 17–18. It is not in any of the state-court records filed with this Court.

[3] Judge Haddock allowed Mr. Puryear to withdraw his motion at the end of the hearing. *See* Plea Hr'g Tr. 25. The state-court records that were filed with this Court do not contain a copy of the motion or any supporting documents that Mr. Puryear might have filed. In response to the Superintendent's amended motion to dismiss, Formica submitted an affidavit dated January 8, 2015, in which he purports to respond point-by-point to Mr. Puryear's motion to withdraw. Pet. Supp'l Br. in Opp. to Am. Mot. to Dismiss Ex. F ¶¶ 1–10, Apr. 13, 2015, ECF No. 79 at 66–69.

4

| The Court: | Now, Mr. Formica, before I get started with the reading of the charges and the --- your entry of --- of your pleas, if that's what you intend to do, I want to take up with you the issue that has kind of stalled us this morning, and that is your counsel's motion to be relieved and to withdraw as counsel. Were you aware that he had filed such a motion? |
|---|---|
| Mr. Formica: | Sir, yes, sir. |
| The Court: | Have you had an opportunity to review it? |
| Mr. Formica: | Sir, yes, sir. |
| The Court: | And you've discussed it with him? |
| Mr. Formica: | Yes, sir. |
| The Court: | And as I understand it there was a time yesterday that you were not willing to speak with your counsel and first thing this morning the same. Am I correct in that understanding? |
| Mr. Formica: | Sir, yes, sir. |
| The Court: | Okay. But now, apparently, you-all [sic] have reached some kind of an agreement? |
| Mr. Formica: | Yes, sir. |
| The Court: | My question to you is, are you currently satisfied with the representation of Mr. Puryear as your attorney? |
| Mr. Formica: | Sir, yes, sir. |
| The Court: | And so whatever difficulties you had, and I don't want to get into those unless you feel like I need to, but those difficulties have been resolved between the two of you? |
| Mr. Formica: | Sir, yes, sir. |

*Id.* at 4–5. Formica was re-arraigned on one misdemeanor count of stalking, one misdemeanor count of trespassing, and five misdemeanor counts of violating a protective order. *See id.* at 6–8. He entered a plea of guilty to each count. *See id.*

Judge Haddock then put Formica under oath, *id.* at 8, and asked him if he understood the terms of his written plea agreement, the elements of the offenses charged, the potential maximum penalties he faced if convicted of those offenses, and the rights he was giving up by pleading

---

Formica's affidavit sheds little, if any, meaningful light on what actually transpired in the months leading up to his trial date.

5

guilty under the agreement, including his rights to appeal and to withdraw his guilty pleas if the court accepted the parties' agreed-upon sentence. *See generally id.* at 9 (elements), 10–11, 13, 14–15 (waiver), 12–13 (penalties), 13–15, 17–19 (general terms). Formica testified that he understood the court's admonishments and wanted to plead guilty. *See generally id*. at 8, 9–12, 13–14, 14–16. Specifically, Formica testified that, after discussing his options with Mr. Puryear, he personally decided to plead guilty under the terms of this agreement because he was in fact guilty of the offenses charged and he thought "the plea agreement [wa]s an appropriate disposition" in his case—not because Mr. Puryear "in any manner threatened [him] or forced [him] to plead guilty" on the morning of trial. *Id.* at 9, 12–14. Formica again confirmed that he was "entirely satisfied with" Mr. Puryear's services at that time. *Id.* at 12.

Judge Haddock accepted Formica's plea of guilty to each of the misdemeanor offenses identified in the agreement.[4] *See generally* Resp. Ex. B, Cir. Ct. Sent. Orders at 1–21, *Commonwealth v. Formica*, Nos. CR12-130 to -133, and CR12-135 to -137 (Va. Cir. Ct. Oct. 25–26, 2012), ECF No. 60-1 at 44–64. Per the parties' written agreement, Judge Haddock sentenced Formica to a total of 84 months' incarceration, with 60 months suspended, followed by a 12-year term of supervised release.[5] *See* Plea Hr'g Tr. 22–23. The Circuit Court entered

---

[4] In doing so, Judge Haddock expressly found that Formica

> fully understood the nature and effect of his plea and of the penalties that may be imposed on his conviction and of the waiver of trial by jury and of appeal, and . . . that his plea was voluntarily and intelligently made.

Cir. Ct. Orders at 1, 4, 7, 10, 13, 16, 19. Judge Haddock also noted that he "heard the factual basis presented by the Commonwealth and the argument of counsel" before accepting Formica's plea of guilty on each count. *Id.* The hearing transcript filed with this Court does not indicate that the Commonwealth's Attorney proffered a statement of facts on the record. *See generally* Plea Hr'g Tr. 9–25.

[5] In other words, Formica was sentenced to 12 months' incarceration on each count to be severed consecutively, with 60 months suspended, leaving a 24-month active term of incarceration with credit for time served. *See* Plea Hr'g Tr. 18–21.

6

final sentencing orders on October 25 and 26, 2012. Formica filed a *pro se* notice of appeal in the Greene County Circuit Court on November 1, 2012. *See* Resp. Ex. D, *Formica v. Commonwealth*, No. 2067-13-2, slip op. at 1 (Va. Ct. App. Aug. 20, 2014) (*Formica I*), ECF No. 60-1 at 95. The case was delayed until December 2013 at least in part because the Commonwealth Attorney's Office did not receive Formica's notice of appeal. *See* Comm. Atty. Br. in Opp. at 4, 8–9, *Formica I*, No. 2067-13-2 (Va. Ct. App. Jan. 2, 2014), ECF No. 60-1 at 134, 138–39.

B.      *State Habeas Proceedings*

In October 2013, Formica filed a *pro se* petition for a writ of habeas corpus in the Virginia Supreme Court.[6] *See generally* Va. Pet. for Writ of Habeas Corpus at 1–9, (Va. Oct. 28, 2013) ("Va. Habeas Pet."), ECF No. 98 at 3–11. Formica pled nine grounds for relief:

>  a.  On January 15, 2012, a defective warrant was issued on Petitioner due to falsified evidence. Also another defective warrant issued on January 20, 2012, on false information.

---

Before announcing the sentence, Judge Haddock warned Formica that, per the parties' written agreement, the court could require him to serve any part of the 60-month suspended sentence if he contacted his victim or her son after October 17, 2012. *See id.* at 19–24. On March 13, 2013, a Greene County Circuit judge found that Formica violated the no-contact order when he mailed several letters to his victim's former employer, "some [of which] appeared to reference" the victim. Resp. Ex. E, Pet. for Appeal at 1–3, *Formica v. Commonwealth*, Nos. 0880-13-2, 141581 (Va. Nov. 3, 2014), ECF No. 60-1 at 172–74; *see also* Resp. Ex. 6, Comm. Br. in Supp. Mot. to Dismiss at 1–2, *In re Michael Formica*, No. 2182-14-2 (Va. Ct. App. Jan. 28, 2015), ECF No. 93-6 at 10–11. The trial court ordered Formica to serve the full suspended sentence, and the Virginia Court of Appeals upheld that decision on October 29, 2014. Pet. for Appeal 1–3; Appellate Case Mgmt Sys. for the Ct. App. of Va., *Formica v. Commonwealth*, No. 0880-13-2, www. https://eapps.courts.state.va.us/acms-public (last visited Aug. 19, 2015). Formica's petition for appeal in that case is pending in the Virginia Supreme Court. *See* Appellate Case Mgmt Sys. for the Sup. Ct. of Va., *Formica v. Commonwealth*, No. 141581, https://eapps.courts.state.va.us/acms-public (last visited Aug. 19, 2015).

[6] In Virginia, claims alleging ineffective assistance of counsel "are not reviewable on direct appeal and thus can be raised only in a habeas corpus proceeding." *Sigmon v. Dir., Dep't of Corr.*, 739 S.E.2d 905, 908 (Va. 2013). A state prisoner may pursue habeas relief on such claims in the Virginia Supreme Court before, during, or after his conviction and sentence become final on direct appeal. *See id.* at 906–08.

7

b.  On January 25, 2012, a defective decision was rendered on Petitioner due to falsified evidence.

c.  Ineffective counsel was given or rendered to Petitioner violating the Sixth and Fourteenth Amendments along with Virginia Rules of Professional Conduct 1.1, 1.2, 1.3, [and] 1.4.

d.  Petitioner alleges misconduct by A.D.A. Juan Vega by allowing Ms. Davis to lie during testimony on June 6, 2012, during [the] preliminary hearing about the two parties relationship [sic] showing bias.

e.  Petitioner alleges obstruction of justice by A.D.A. Juan Vega by not allowing defense to interrogate witness John Lawson proffered by Ms. Davis to be at the scene of the triggering event on January 13, 2012.

f.  Petitioner is alleging prosecutorial misconduct by not interviewing his witness to find the truth of the circumstances before the commencement of initial appearance.

h.  Counselor was insufficient in procuring any evidence from Commonwealth's sole witness such as interrogatories [sic], e-mails, or a timeline of events.

i.  Counselor was ineffective by not subpoenaing five witness's [sic] for the preliminary hearing. . . . Nor did counsel motion to get preliminary hearing transcribed[,] as asked by client.

j.  Counsel was ineffective by not knowing Petitioner chose a jury trial the day of trial[,] another very critical stage. This made counsel unprepared for the voir dire and client afraid of competency.

*Id.* ¶ 14(a)–(j) (sequencing error in original). The Commonwealth moved to dismiss Formica's petition in January 2014.[7] *See generally* Comm. Br. in Supp. at 1–12, *Formica v. Superint., Cent. Va. Reg'l Jail*, No. 131760 (Va. Jan. 21, 2014), ECF No. 98 at 20–31.

The Virginia Supreme Court dismissed Formica's petition with prejudice in a written decision dated June 6, 2014. *Formica v. Superint., Cent. Va. Reg'l Jail*, No. 131760, slip op. at 1–5 (Va. June 6, 2014) (*Formica II*), ECF No. 98-1 at 4–8. The court held that Claims (a), (b), (d), (e), and (f) were "barred because a voluntary and intelligent guilty plea waives all non-

---

[7] Formica promptly filed a handwritten motion asking the Virginia Supreme Court for leave to amend his habeas petition. Mot. Notice to Amend 1 (Va. Sup. Ct. Jan. 24, 2014), ECF No. 98-1 at 1. The court denied the motion, which did not identify the claims Formica sought to add to his habeas petition. Order (Va. Sup. Ct. Feb. 10, 2014), ECF No. 98-1 at 2. Formica "objected" to the denial in March 2014, but he still did not identify the claims he wanted to add or any facts that he sought to develop further. ECF No. 98-1 at 3.

jurisdictional defenses antecedent to a guilty plea." *Formica II*, No. 131760, slip op. at 1–3

(citing *Peyton v. King*, 169 S.E.2d 569, 571 (Va. 1969)). The court held that Claim (c), which

alleged ineffective assistance generally, was "conclusional, and therefore, [did] not support the

issuance of a writ of habeas corpus" under state law. *Id.* at 2 (citing *Penn v. Smyth*, 49 S.E.2d

600, 601 (Va. 1948)). The court also rejected Formica's more specific ineffective-assistance

claims—(h), (i), and (j)—on the merits. *See id.* at 3–5 (citing *Strickland v. Washington*, 466 U.S.

668, 687 (1984); *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

C.      *Direct Appeal Proceedings*

In December 2013, Mr. Puryear petitioned the Virginia Court of Appeals for leave to

withdraw as counsel. *See Formica I*, No. 2067-13-2, slip op. at 1. He also submitted an *Anders*

brief "referring to the part of the [trial court] record that might arguably support [Formica's]

appeal" from a conviction entered on a valid guilty plea. *Id.*; *see also* Am. Pet. for Appeal at 4,

*Formica I*, No. 2067-13-2 (Va. Ct. App. Jan. 8, 2014), ECF No. 60-1 at 115; Va. Sup. Ct. R.

5:17(h)(2) (procedure for an *Anders* appeal). Mr. Puryear argued that (1) the Greene County

Circuit Court should not have accepted Formica's guilty pleas because the court "may arguably

have lacked jurisdiction to try" Formica for offenses committed in Greene County, and (2)

Formica's seven consecutive 12-month jail sentences "many not be consistent with" the

maximum sentence allowed by law. Am. Pet. for Appeal at 4–6. The Commonwealth moved to

dismiss the appeal in January 2014. *See generally* Comm. Br. in Opp. at 3–11, *Formica I*, No.

2067-13-2 (Va. Ct. App. Jan. 2, 2014), ECF No. 60-1 at 133–41.

The Virginia Court of Appeals gave Formica a copy of the *Anders* brief and an

opportunity to "raise any other matter that [he] chooses." *Formica I*, No. 2067-13-2, slip op. at 1.

Formica apparently submitted several *pro se* documents stating that Mr. Puryear was ineffective

and asking the Court of Appeals to "review the probable cause evidence submitted by the victim at [Formica's] initial appearance in general district court on January 25, 2012," and to compel the Greene County Circuit Court to hold a hearing on his October 24, 2012, "pleading to vacate his guilty pleas." *Id.* at 2–3.

In a written decision dated August 20, 2014, a three-judge panel denied Formica's petition for appeal as "wholly frivolous." *Id.* at 1, 3. The panel rejected Mr. Puryear's arguments on the merits and dismissed Formica's ineffective-assistance claim as premature. *Id.* at 1–2. The panel noted that it could not resolve the probable-cause claim because Formica "failed to file a transcript or statement of facts from the hearing," evidence that was "indispensible to a determination of this assignment of error." *Id.* at 2. Finally, the panel rejected Formica's claims related to his attempt to withdraw his guilty pleas because "[a] review of the record from the Circuit Court of Greene County show[ed] that no pleading was filed to vacate [the] guilty pleas." *Id.* at 3. In doing so, the panel noted that the trial judge reviewed "numerous letters" that Formica mailed to the circuit court between October 24, 2012, and July 22, 2013, "and determined that none merited a response." *Id.* at 3 n.2. According to the panel, none of these letters "show[ed] a motion to vacate the guilty plea." *Id.*

Formica filed a *pro se* "Motion to Reinstate Appeal [and] Objection to Denial of Appeal" on August 25, 2014. ECF No. 60-1 at 143–47. It appears that Formica attached to his motion three *pro se* documents that address withdrawing his guilty pleas in late October 2012.[8] ECF No

---

[8] It is not clear whether these documents were also included in the Greene County Circuit Court record that the panel reviewed in August 2014. *See Formica I*, No. 2067-13-2, slip op. at 3 n.2. The first is an envelope addressed from Formica to the Greene County Circuit Court post-marked October 23, 2012. The face of the envelope reads: "Motion to Withdraw Plea Ineffective Counsel." ECF No. 60-1 at 150.

The second is a handwritten letter from Formica dated October 27, 2012, and stamped "filed" in the Greene County Circuit Court on October 31, 2012. ECF No. 60-1 at 151. Formica wrote, "I

60-1 at 150–52. The Virginia Court of Appeals denied Formica's petition for rehearing.[9] *See*

Order, *Formica I*, No. 2067-13-2 (Va. Ct. App. Sept. 11, 2014), ECF No. 60-1 at 98.

Formica filed a *pro se* notice of appeal to the Virginia Supreme Court on September 18,

2014, and asked the court to appoint counsel. The Virginia Supreme Court granted Formica's

motion on March 17, 2015, and directed counsel to file a petition for appeal within 30 days. *See*

Order, *Formica v. Commonwealth*, Nos. 2067-13-2, 150546 (Va. Mar. 17, 2015), ECF No. 98-1

at 49. Formica's counseled petition for appeal raised one assignment of error:

> The Court of Appeals erred in denying Formica's Petition for Appeal in ruling
> that Formica failed to file a motion to vacate his guilty pleas; Formica's notice of
> appeal clearly contains the words "Defendant Michael Formica move [sic] that
> the Court vacate its judgment in this case dated 17th of ~~November~~ October 17
> 2012."

---

want any necessary paperwork to finalize my motion to vacate my plea or to file an appeal. . . . I
want to have a jury trial with which Mr. Scott Puryear also forgot! 9 months with NO
PREPARATION COMPLETELY VIOLATES STANDARD A.B.A. RULES!" *Id.* A
handwritten note at the bottom reads: "11/6/2012 Seen – no response merited. DRB." Those
initials likely belong to Greene County Circuit Judge Daniel R. Bouton. *See In re Michael
Joseph Formica*, No. 2182-14-2, slip op. at 1 (Va. Ct. App. May 26, 2015) (denying Formica's
petition for a "writ of mandamus seeking to direct the Honorable Daniel R. Bouton, Judge of the
Circuit Court of Greene County, to docket and hear evidence regarding a certain motion to
withdraw his guilty pleas"), ECF No. 93-5 at 15.

The third is a handwritten "Motion Pro Se" stamped "filed" in the Greene County Circuit Court
on November 1, 2012. ECF No. 60-1 at 152. The sentence next to Formica's signature reads:
"Defendant, Michael Formica, hereby gave notice to vacate plea from judgment day of 17 of
October 2012 [sic]." *Id.*

[9] In November 2014, Formica filed a petition for a writ of mandamus again asking the Virginia
Court of Appeals to order the circuit court to hold a hearing on his motion to withdraw his guilty
pleas. *In re Michael Joseph Formica*, No. 2182-14-2, slip op. at 1–2 (Va. Ct. App. May 26,
2014), ECF No. 93-6 at 1–2. A three-judge panel denied Formica's petition because the circuit
court judge "already reviewed the numerous letters" that Formica filed in the Greene County
Circuit Court between October 24, 2014, and July 22, 2013, and "determined that they did not
merit a response." *Id.* at 2. The panel also noted that the Court of Appeals concluded on direct
appeal that "no pleading was filed to vacate appellant's guilty plea." *Id.* (quoting *Formica I*, No.
2067-13-2, slip op. at 3). Formica's June 15, 2015, motion for rehearing is still pending. *See*
Appellate Case Mgmt Sys. for the Ct. App. of Va., *In re Michael Joseph Formica*, No. 2182-14-
2, www. https://eapps.courts.state.va.us/acms-public (last visited Aug. 19, 2015); *see also* Ltr.
from Va. Ct. App. re: Case Nos. 2182-14-2 and 2323-14-2, July 1, 2015, ECF No. 99.

Pet. for Appeal at 3, *Formica v. Commonwealth*, Nos. 2067-13-2, 150546 (Va. Apr. 13, 2015) (formatting in original), ECF No. 98-1 at 55. Formica argued that the panel's factual finding was "manifestly in error" because he "rather clearly" moved to vacate his guilty pleas. *Id.* at 4. Thus, the panel "should have remanded the case to the circuit court with instructions to hold a hearing on Formica's motion to vacate his sentence." *Id.*

Formica asked the Virginia Supreme Court to grant the petition for appeal and to "remand the case to the lower courts with instructions to conduct a hearing on" the motion to vacate. That petition for appeal is still pending in the Virginia Supreme Court.[10] Resp. Br. in

---

[10] In December 2014, Formica filed a *pro se* document explaining—for the first time in some detail—why he tried to withdraw his guilty pleas:

> On October 17, 2012, Mr. Formica believes that he was cornered into a agreeing [sic] to a plea because counsel had not prepared any defense and had not solicited any witnesses or evidence even though Mr. Formica identified who and what could be had to support his position. Counsel lied to appellant stating that he could not get the witnesses. Counsel's failure was confirmed when Mr. Formica went pro se in a related cases and did subpoena all the witnesses. Furthermore, counsel told Appellant that he "was not prepared" which at this critical stage is unsatisfactory and certainly not zealous. Mr. Formica was told that he "had to" waive all his [r]ights and "had to" agree that he was satisfied with counsel in order for the Court to accept a plea. This is not true. As a direct result of the foregoing misleading information from counsel, Mr. Formica withdrew his plea on October 24, 2012, well within Rule 1:1 of the Supreme Court, citing the Paris Standard [sic].

Mot. for Determination of Fact at ¶¶ 6–7, *Formica v. Commonwealth*, Nos. 2067-13-2, 150546 (Va. Dec. 1, 2014) (citing *Parris v. Commonwealth*, 52 S.E.2d 872 (Va. 1949)), ECF No. 98-1 at 33–35. Formica's new court-appointed counsel filed his pending petition for appeal in April 2015.

In Virginia, "the scope of argument on appeal is limited by the assignments of error" in the petition for appeal itself. *Dudley v. Estate Life Ins. Co. of Am.*, 257 S.E.2d 871, 874 (Va. 1979); *see also* Va. Sup. Ct. R. 5:17(c)(1)(i) ("Only assignments of error assigned in the petition for appeal will be noticed by this Court."). The Virginia Supreme Court "will not consider" issues that an appellant raised in pre-appointment *pro se* filings unless counsel also includes those issues in the petition's assignments of error. *Townes v. Commonwealth*, 362 S.E.2d 650, 657 (Va. 1987). Thus, even if the Virginia Supreme Court grants Formica's petition for appeal, the "only issue open to debate," *Dudley*, 257 S.E.2d at 874, will be whether the Virginia Court of Appeals erroneously found that Formica did not move to withdraw his guilty pleas. *See* Pet. for Appeal at 3; *see also* Va. Sup. Ct. R. 5:17(c)(1)(ii) ("When appeal is taken from a judgment of

Case 7:14-cv-00357-MFU-JCH   Document 109   Filed 08/21/15   Page 12 of 38   Pageid#: 1438

Supp. 2, June 25, 2015, ECF No. 93; *see also* Appellate Case Mgmt Sys. for the Sup. Ct. of Va.,

*Formica v. Commonwealth*, No. 150546, www. https://eapps.courts.state.va.us/acms-public (last

visited Aug. 19, 2015). Thus, the judgments of Formica's convictions are not yet final.[11] *See* 28

U.S.C. § 2244(d)(1)(A); *Wolfe v. Weisner*, 488 F.3d 234, 238 (4th Cir. 2007) (noting that the

judgment of a state-court conviction becomes "final" when the time for filing a petition for

certiorari in the United States Supreme Court on direct appeal expires).

D.    *Federal Habeas Proceedings*

      Formica filed his habeas petition in this Court on August 11, 2014. He pled eleven

grounds for relief under 28 U.S.C. § 2254:

1. "Ineffective Counsel – Counselor failed to interview witness to allege crime to gain a better understanding of alleged behavior that was allegedly putting victim in fear."

2. "Ineffective Counsel – Counselor failed to find and interview pre-preliminary hearing second witness, John Lawson, to use his information as to the behavior the night of the alleged crime."

3. "Ineffective Counsel – Counselor failed to interview and call witness pre-preliminary and for trial Megan Williams who was the sole person that would contest that I was never at victims work or any behavior of alleged conduct that put victim in fear was at her employer."

4. "Ineffective Counsel – Counsel failed to interview Randy Haney victim's brother and or call him for a witness pre-preliminary or at trial."

---

the Court of Appeals, only assignments of error relating to assignments of error presented in, and to actions taken by, the Court of Appeals may be included in the petition for appeal to this Court.").

[11] Under federal law, the fact that Formica's convictions are not yet final simply means that the one-year limitations period for filing his habeas petition in federal court has not started to run. 28 U.S.C. § 2244(d)(1)(A). That fact does not affect this Court's authority to "entertain" Formica's petition because he was "in custody pursuant to the judgment of a State court" when he filed the petition and the petition "challenges the legality of that custody on the ground that it is 'in violation of the Constitution or laws or treaties of the United States.'" *Hutton v. West Virginia*, No. 1:13cv186, 2014 WL 856489, at *6 (N.D. W. Va. Mar. 5, 2014) (quoting 28 U.S.C. § 2254(a)) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989); *Wilson v. Flaherty*, 689 F.3d 332, 333 (4th Cir. 2012)).

Case 7:14-cv-00357-MFU-JCH   Document 109   Filed 08/21/15   Page 13 of 38   Pageid#: 1439

5. "Ineffective Counsel, failure to interview or subpoena William Trevillian who was a witness to the nature of the relationship and circumstances between victim and petitioner."

6. "Ineffective Counsel failure to interview or call witness Ronnie Duty he would show the nature of Ms Davis the evening I met Commonwealths victim at a bar."

7. "Ineffective Counsel failure to ascertain emails after the fact Ms Davis, Commonwealth victim, asked me not to contact her over a simple disagreement."

8. "Ineffective Counsel. failure to subpoena the alleged 911 call to the Emergency Office of Greene County as she stated."

9. "Voluntary & Intelligent Plea. . . . [C]ounselors failures to provide witness's and evidence coerced me into a unwilling plea."

10. "Ineffective Counsel On June 6, 2012, counselors failure to bring witness to preliminary hearing to stop probable cause. Furthermore not having emails after the alleged disagreement and subsequent no contact victim stated."

11. "On March 20, 2012, counsel gave improper instruction which was irreparable by agreeing to a protective order telling petitioner that he had to because he filed for a competency exam. I find out later that there is not one shred of evidence the two issues are conected."

Am. Pet. 6, 8, 9, 11 and Supp'l Pgs 12–18 (formatting and errors in original) (supporting factual allegations omitted).

On October 6, 2014, the Superintendent of the Central Virginia Regional Jail ("CVRJ") filed a Rule 5 Answer and moved to dismiss Formica's petition. ECF No. 14. The Superintendent argued that Formica had not yet presented Claims 7, 9, and 11 in state court and that those claims were now procedurally defaulted because "[u]nder Virginia law, a claim that has not been raised via direct appeal cannot later be raised via habeas petition." CVRJ Br. in Supp. 8, ECF No. 15. On December 8, 2014, Formica filed a motion to stay federal-court proceedings and to hold his petition in abeyance while he exhausted those claims in state court. ECF No. 34. The Superintendent opposed Formica's motion. ECF No. 39.

On January 5, 2015, the presiding District Judge took Formica's motion under advisement and dismissed the Superintendent's motion without prejudice. Order at 1–3, ECF No. 50. He also ordered the Superintendent to expand the record so the Court could determine

whether Formica filed a mixed petition and, if so, whether the Court should grant Formica's motion to stay and abey until the Virginia Supreme Court ruled in Formica's pending direct appeal. *See id.* at 3. Formica filed a second motion to stay and abey on January 23, 2015.[12] ECF No. 58.

On February 3, 2015, the Superintendent filed an amended Rule 5 Answer and amended motion to dismiss Formica's petition. ECF No. 59. A few days later, the Superintendent filed a supplemental motion to dismiss asserting that Formica had been transferred from CVRJ to a state correctional facility and was thus no longer in the Respondent's custody. ECF No. 62. Formica responded to the Superintendent's motions multiple times. ECF Nos. 54, 72, 76, 79, 86.

On May 29, 2015, the Court joined the Warden of the Pocahontas State Correctional Center ("PSCC") as the proper Respondent, and ordered the Virginia Attorney General's Office to respond to Formica's petition within 30 days. ECF No. 87. The Warden filed his Rule 5 Answer and motion to dismiss[13] on June 24, 2015. ECF Nos. 91, 92. Formica responded to the Warden's motion to dismiss on July 24 and July 27, 2015, ECF Nos. 103, 104, and moved to amend his petition on August 5, 2015, ECF No. 108. The motions are ripe for review.

### III. Discussion

Section 2254 authorizes federal courts to "entertain an application for a writ of habeas corpus" on behalf of a person claiming the right to be released from state custody "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The statute, as amended by the Antiterrorism and Effective Death Penalty Act

---

[12] The Court took this motion under advisement on May 29, 2015. ECF No. 87.

[13] "Because the Commonwealth filed its answer to [Formica's] petition and its motion[s] to dismiss simultaneously, it technically should have filed the motion[s] under Rule 12(c) as one for judgment on the pleadings." *Walker*, 589 F.3d at 139. The Court "will construe the Commonwealth's motion[s] . . . under Rule 12(c) which is assessed under the same standard that applies to a rule 12(b)(6) motion." *Id.*

15

("AEDPA") of 1996, sets several limits on the court's power to grant such applications. *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1398 (2011); *see generally* 28 U.S.C. § 2254(b)–(e). First, a federal court cannot grant an application unless, with certain exceptions, the petitioner properly presented substantially the same claims in state court. *Cullen*, 131 S. Ct. at 1398 (citing 28 U.S.C. § 2254(b), (c)); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Picard v. Connor*, 404 U.S. 270, 278 (1971).

"[A]n additional restriction applies" where the "application includes a claim that has been 'adjudicated on the merits in State court proceedings.'" *Cullen*, 131 S. Ct. at 1398 (quoting 28 U.S.C. § 2254(d)). Under section 2254(d), that application "shall not be granted with respect to [such a claim] unless . . . the adjudication of the claim" resulted in a decision that was:

> (1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). Finally, the federal court's "review is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen*, 131 S. Ct. at 1399. Thus, when the petitioner "fail[ed] to present enough evidence" to make his case to the state court, *Burt v. Titlow*, --- U.S. ---, 134 S. Ct. 10, 18 (2013) (Sotomayor, J., concurring), the federal habeas court cannot presume that the state court "unreasonably" rejected the merits of the petitioner's claim, *id.* at 17 (Alito, J., for the Court); *accord Holland*, 542 U.S. at 654–55

A.    *Exhaustion*

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin*, 541 U.S. at 29. To properly exhaust, the petitioner "must 'fairly present' his claim in each appropriate state court" so as to

16

"alert[] that court of the federal nature of the claim." *Id.* "Fair presentation" means that "both the operative facts and the controlling legal principles" behind a specific federal habeas claim were "presented face-up and squarely," *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000), "to every available state court," *Jones v. Sussex I State Prison*, 591 F.3d 707, 713 (4th Cir. 2010). *See also Baldwin*, 541 U.S. at 32 (holding that, as a general rule, "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so"); *Gray v. Netherland*, 518 U.S. 152, 163–64 (1996) ("[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief" under federal law). Federal courts need not consider the merits of any federal habeas claim if the petitioner still has a right under state law "to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(b)(2), (c); *accord Rhines v. Weber*, 544 U.S. 269, 276 (2005) (holding that a federal court may "in limited circumstances" stay proceedings and hold a "mixed" habeas petition in abeyance while the petitioner exhausts available state-court remedies). The petitioner bears the burden of proving proper exhaustion on a claim-by-claim basis. *Jones*, 591 F.3d at 713.

A separate obstacle to federal-habeas review—procedural default—arises when a claim "meets the technical requirements for exhaustion," *Coleman*, 501 U.S. at 732, "because the prisoner failed to abide by a state procedural rule," *Martinez v. Ryan*, --- U.S.---, 132 S. Ct. 1309, 1316 (2012), that "provides an independent and adequate state-law ground for [upholding] the conviction and sentence," *Gray*, 518 U.S. at 162. *See Baker*, 220 F.3d at 288 ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear

17

that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court."). Procedural default is an affirmative defense in federal habeas cases. *Gray*, 518 U.S. at 165–66; *Jones*, 591 F.3d at 716. Thus, "the burden rests with [the respondent] state to prove the adequacy of the relied-on procedural bar" on a claim-by-claim basis. *Jones*, 591 F.3d at 716. "A state rule is 'adequate' if it is firmly established and regularly or consistently applied by the state court" in similar cases, *id.*, and it is "'independent' if it does not 'depend on a federal constitutional ruling,'" *Brown v. Lee*, 319 F.3d 162, 169 (4th Cir. 2003) (brackets omitted) (quoting *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

A federal court cannot review a procedurally defaulted claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," or that the court's refusal to consider the claim "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749–50. The cause-and-prejudice standard "requires the petitioner to show that some objective factor external to the defense impeded counsel's [or the *pro se* litigant's] efforts to raise the claim in state court" and "actual prejudice resulting from the errors of which he complains." *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991). Ordinarily, "neither a petitioner's *pro se* status [n]or his unfamiliarity with the legal system provides cause to excuse a procedural default."[14] *Clark v. Dir., Dep't of Corr.*, No.

---

[14] The Supreme Court has carved out a "limited" exception to this rule for a "narrow" class of procedurally defaulted ineffective-assistance-of-trial-counsel claims:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Martinez*, 132 S. Ct. at 1316, 1319, 1320 ("*Coleman* [still] governs in all but the limited circumstances recognized here."). This exception "acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial

18

7:10cv6, 2010 WL 3585907, at *6 n.3 (W.D. Va. Sept. 13, 2010). A fundamental miscarriage of justice occurs where a constitutional violation "probably resulted in the conviction of one who is actually innocent" of the crimes for which he is incarcerated. *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Prieto v. Zook*, 791 F.3d 465, 469 (4th Cir. 2015).

"In Virginia, a non-death row inmate can exhaust his state remedies in one of three ways, depending on the nature of the [federal] claim he is raising." *Berglowe v. Dir., Va. Dep't of Corr.*, No. 7:05cv69, 2005 WL 2010159, at *1 (W.D. Va. Aug. 19, 2005). First, he can raise the claim on direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Virginia Supreme Court if the lower court rules against him. *Id.* Second, the prisoner can attack his conviction collaterally by filing a habeas petition in the circuit court where he was convicted, with a subsequent appeal to the Virginia Supreme Court if the trial court rules against him. *Id.* Third, he can file a habeas petition directly with the Virginia Supreme Court. *Id.*

Formica's federal habeas petition contains eleven claims for relief, all generally related to his attorney's "systematic" failure to prepare for trial. The parties agree that Formica exhausted

---

claim" that the petitioner's trial attorney was ineffective. *Id.* at 1318. "By deliberately choosing to move trial-ineffectiveness claims outside of the direct-appeal process, where counsel is constitutionally guaranteed, the State significantly diminishes prisoners' ability to file such claims." *Id.*

Thus, "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding," a petitioner can "establish cause" for procedurally defaulting that claim in two circumstances:

> The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984).

*Id.* "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit" and is not "wholly without factual support." *Id.* at 1318–19 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue)).

19

Claims 1, 2, 3, 4, 5, 6, and 10 in his state habeas petition and that the Virginia Supreme Court rejected each of those claims on the merits. *See* CVRJ Br. 8–9; PSCC Br. 6, 12–15; *accord Formica II*, No. 131760, slip op. at 3–5 (citing *Strickland*, 466 U.S. at 687; *Hill*, 474 U.S. at 59). I also find that Claim 7, in which Formica claims that his attorney was ineffective because he did not "ascertain emails" from the victim, is the "substantial equivalent of" Claim (h) in Formica's state habeas petition. *Picard*, 404 U.S. at 278. The Virginia Supreme Court rejected that claim on the merits because Formica did not "proffer the evidence," including emails from the "Commonwealth's sole witness" that "he allege[d] counsel should have obtained." *Formica II*, No. 131760, slip op. at 3.

### 1. Procedural Default

The Respondents argue that Formica did not present Claims 8, 9, and 11 in state court, and that those claims are now procedurally barred under state law. *See* PSCC Br. 6 (citing Va. Code § 8.01-654; Va. Sup. Ct. R. 5:17). Virginia law generally limits state prisoners to one habeas petition, which "must include 'all' claims the facts of which are known to the prisoner." *Dorsey v. Angelone*, 544 S.E.2d 350, 352 (Va. 2001). "[N]o habeas relief will be granted based upon 'any' allegation the facts of which the prisoner had knowledge at the time of filing any previous petition." *Id.* (citing Va. Code § 8.01-654(B)(2)). In Virginia, federal habeas courts cannot consider the merits of such procedurally defaulted claims unless the prisoner can establish cause and prejudice or a fundamental miscarriage of justice. *See Gray*, 518 U.S. at 162 (citing Va. Code § 8.01-654(B)(2)); *Clagget v. Alelone*, 209 F.3d 370, 378–79 (4th Cir. 2000).

In Claim 8, Formica asserts that his trial attorney was ineffective because he did not "subpoena the alleged 911 call to the Emergency Office of Greene County as she [sic] stated." Am. Pet. 15. I agree that this claim was not fairly presented in Formica's state habeas petition.

20

*See* Va. Habeas Pet. ¶ 14(a)–(j). Formica also concedes that he knew about the "alleged" 911

tapes, and counsel's failure to subpoena them, in October 2013 when he filed the petition in the

Virginia Supreme Court. *See, e.g.*, Pet. Br. in Opp. to Am. & Supp'l Mots. to Dismiss 4, 10, 28,

Mar. 23, 2015, ECF No. 72. Thus, Claim 8 is exhausted and procedurally defaulted.[15] Va. Code

§ 8.01-654(B)(2).

      Claim 9, which is labeled "Voluntary & Intelligent Plea," presents a closer question. On

the surface, this claim appears to be that Formica's guilty pleas were "obtained in violation of

due process" because he did not "voluntarily" choose to admit guilt and forego the constitutional

guarantees associated with a fair trial. *Boykin v. Alabama*, 395 U.S. 238, 242, 243 n.5 (1969). "In

evaluating the constitutional validity of a guilty plea, courts look to the totality of the

circumstances surrounding it," *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010), to

determine "whether the plea represents a voluntary and intelligent choice among the alternative

courses of action open to the defendant," *Hill*, 474 U.S. at 56. Such claims generally can be

presented on direct appeal in Virginia courts. *See, e.g.*, *Cobbins v. Commonwealth*, 668 S.E.2d

816, 819–20 (Va. Ct. App. 2008); *but see Howell v. Commonwealth*, No. 1157-10-2, 2011 WL

---

[15] The Warden correctly notes that in late 2014, Formica tried to obtain the 911 tape himself by filing a petition for a writ of mandamus in the Virginia Court of Appeals. *See* PSCC Br. 16 n.5; *In re Michael Joseph Formica*, No. 2323-14-2, slip op. at 1–2 (Va. Ct. App. May 26, 2015), ECF No. 93-7 at 1–2. Formica's mandamus filings did not allege that his trial attorney "failed to subpoena" the 911 tapes or that this purported failure forced Formica to plead guilty instead of going to trial. Instead, Formica "sought the . . . [c]ourt's aid in correcting allegedly perjured statements made by a witness," *Mills v. Johnson*, No. 2:07cv110, 2008 WL 276410, at *3 (E.D. Va. Jan. 30, 2008), *aff'd* 297 F. App'x 242 (4th Cir. 2008). *See, e.g.*, Pet. for Writ of Mand. at ¶¶ 8–10, *In re Michael Joseph Formica*, No. 2323-14-2 (Va. Ct. App. Dec. 23, 2014), ECF No. 93-7 at 16–17; Pet. Br. in Opp. at ¶¶ 6, 9–10, 12, *In re Michael Joseph Formica*, No. 2323-14-2 (Va. Ct. App. Mar. 3, 2015), ECF No. 93-7 at 7–8. The Virginia Court of Appeals denied Formica's petition on procedural grounds. *In re Michael Joseph Formica*, No. 2323-14-2, slip op. 1–2 (Va. Ct. App. May 26, 2015), ECF No. 93-6 at 1–2. His motion for rehearing was denied on August 6, 2015. Appellate Case Mgmt Sys. for the Ct. App. of Va., *In re Michael Joseph Formica*, No. 2323-14-2, https://eapps.courts.state.va.us/acms-public (last visited Aug. 19, 2015).

1542980, at *1 (Va. Ct. App. Apr. 26, 2011) (defendant's claim that he "was denied effective assistance of counsel due to the short time spent with defense counsel prior to trial[, which] resulted in an unintelligent and involuntary guilty plea," was not cognizable on direct appeal).

However, the operative facts asserted in Claim 9 make clear that Formica "relies entirely on the claim that his plea was 'involuntary' as a result of ineffective assistance of counsel because his attorney," *Hill*, 474 U.S. at 56, "systematically" failed to prepare for trial[16]:

> Under . . . the totality of the circumstances with counsel not communicating with petitioner and systematically undermining all witnesses and evidence of emails after the argument I believe counselor systematically coerced me into a plea. The day of trial having to deal with counsel withdrawing having no evidence or witnesses and telling me my only two options are go to trial which would be fatal or take a plea. I previously turned down pleas on May 26, 2012, June 26, 2012, and September 22, 2012, I show I was willing to go to trial but counselors failures to provide witness's and evidence coerced me into a unwilling plea.

Am. Pet. 16 (errors in original); *accord Strickland*, 466 U.S. at 688 (discussing counsel's "duties to consult with the defendant on important decisions," to keep the "defendant informed of important developments in the course of the prosecution," and to "make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary"); *United States v. Holbrook*, 613 F. Supp. 2d 745, 768 (W.D. Va. 2009) ("Counsel's failure to fully investigate available evidence and viable defenses before advising a

---

[16] Federal courts may ignore the legal label that a *pro se* litigant attaches to a claim in order to create a better correspondence between the claim's substance and its underlying legal basis. *Cf. Castro v. United States*, 540 U.S. 375, 381–82 (2003) (noting that federal courts may "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . to avoid inappropriately stringent application of formal labeling requirements or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis" (citations omitted)); *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (noting that the court need not accept the plaintiff's "legal conclusions," as those are not well-pled facts for Rule 12(b)(6)'s purposes). Moreover, Formica's responses to the Respondents' motions make clear that he believes that Mr. Puryear's "ineffective counsel" alone forced him into an involuntary plea. *See, e.g.*, Pet. Br. in Opp. to Am. & Supp'l Mots. to Dismiss 28–29, 33, 40; Pet. Supp'l Br. in Opp. to Am. Mot. to Dismiss 27–28, Apr. 13, 2015, ECF No. 79.

client to accept a . . . plea [agreement] may raise a claim of ineffective assistance under *Hill*." (citing *Hill*, 474 U.S. at 59–60)).

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court held that the two-part *Strickland* test applies when a petitioner claims that his guilty plea was involuntary because of his attorney's performance during pretrial stages. 474 U.S. at 59. On these claims, the "voluntariness issue is subsumed within" the Sixth Amendment ineffective-assistance claim, *Hall v. Bodison*, No. 8:08cv2468, 2009 WL 2394365, at *9 (D.S.C. July 31, 2009), *aff'd* 361 F. App'x 498, 499 (4th Cir. 2010) (per curiam), and not evaluated as a distinct due-process claim. *See United States v. Smith*, 640 F.3d 580, 593 (4th Cir. 2011). Accordingly, the Court construes Claim 9 as an ineffective-assistance-of-trial-counsel claim. *Thomas v. Eagleton*, 693 F. Supp. 2d 522, 531–32 (D.S.C. 2010), *aff'd* 396 F. App'x 965 (4th Cir. 2010) (per curiam); *cf. Lafler v. Cooper*, --- U.S. --- 132 S. Ct. 1376, 1390 (2012) (citing *Hill*, 474 U.S. at 57–59) ("Rather than applying *Strickland*, the state court simply found that respondent's rejection of the plea was knowing and voluntary. An inquiry into whether the rejection of a plea is knowing and voluntary is not the correct means by which to address a claim of ineffective assistance of counsel.").

To fairly present his claim "that counsel's ineffective assistance resulted in an involuntary guilty plea," Formica had to allege specific facts "show[ing] that 'counsel's conduct "fell below an objective standard of reasonableness[,]' and that he was thereby prejudiced." *United States v. Woodson*, 422 F. App'x 295, 296 (4th Cir. 2011) (quoting *Strickland*, 466 U.S. at 688). "Prejudice" in the guilty-plea context means that there is an objectively "reasonable probability that, but for counsel's errors, [Formica] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Formica concedes that he knew about counsel's motion to withdraw and systematic "failures to provide witnesses and evidence" in October 2013 when he filed his habeas petition in the Virginia Supreme Court. *See, e.g.*, Plea Hr'g Tr. 4–5; Va. Habeas Pet. ¶ 14 (c), (h)–(j). But Formica did not allege that those particular errors "coerced" him into an "unwilling" guilty plea or that, but for those errors, he would not have pled guilty and would have insisted on going to trial. *See* Va. Habeas Pet. ¶ 14(a)–(j). Thus, Claim 9 is exhausted and procedurally defaulted.[17] Va. Code § 8.01-654(B)(2).

---

[17] Formica insists that Claim 9 is not procedurally defaulted because his pending petition for appeal to the Virginia Supreme Court "incorporates" the same claim. Pet. Br. in Opp. to Mot. to Dismiss 1, July 24, 2015, ECF No. 103. He is incorrect, for two reasons. First, Claim 9 "challenges [Formica's] guilty pleas based on ineffective assistance of counsel," *Hill*, 474 U.S. at 58, which cannot be raised on direct appeal, *Howell*, 2011 WL 1542980, at *1. Formica's failure to include the substance of this claim in his state habeas petition means that it is now procedurally defaulted. *See, e.g.*, *Juniper v. Warden, Sussex I State Prison*, 707 S.E.2d 290, 307 (Va. 2011) (citing Va. Code § 8.01-654(B)(2)).

Second, Claim 9 does not present substantially the same operative facts and controlling legal principles as Formica's pending petition for appeal. *See Baker*, 220 F.3d at 279. In Claim 9, Formica asserts that his attorney's deficient performance "coerced [him] into a[n] unwilling guilty plea" in violation of the Sixth Amendment to the United States Constitution. Am. Pet. 16. The petition for appeal, on the other hand, asks the Virginia Supreme Court to decide whether the court of appeals erroneously found that Formica never moved to withdraw his guilty pleas. Pet. for Appeal at 3, *Formica v. Commonwealth*, Nos. 2067-13-2, 150546 (Va. Apr. 13, 2015), ECF No. 98-1 at 55; *see also* Supp'l Br. in Opp. to Am. Mot. to Dismiss 35 ("On the [appellate] court's review the record did not show that the Petitioner asked for a withdrawal so therefore the court could not rule in the matter of withdrawal. This issue is currently being clarified in the Supreme Court of Virginia."). The petition does not mention Formica's reasons for wanting to withdraw the pleas. *See* Pet. for Appeal at 3–5. Thus, the Virginia Supreme Court will not consider that issue even if it grants Formica's petition. *See Townes*, 362 S.E.2d at 657; Va. Sup. Ct. R. 5:17(c)(1)(i)–(ii).

At most, Formica's petition asks the Virginia Supreme Court to remand the case to the circuit court for an evidentiary hearing to determine whether, under Virginia law, Formica should be allowed to withdraw his pleas. *See* Pet. for Appeal at 3–5 (citing *Cobbins*, 668 S.E.2d. at 819; *Parris*, 52 S.E.2d at 873). It does not call upon the Virginia Supreme Court to determine whether Formica is in state custody in violation of federal law. *See, e.g.*, *Cobbins*, 668 S.E.2d at 819, 819 n.2 ("*Parris* does not require a showing that the guilty plea was involuntary in any constitutional sense or the result of ineffective assistance of counsel.").

In Claim 11, Formica asserts that on March 20, 2012, his trial attorney gave "improper instruction . . . by agreeing to a protective order telling [Formica] that he had to because he filed for a competency exam," and that Formica later discovered "that there is not one shred of evidence the two issues are conected [sic]." Am. Pet. 18. Formica explains that the Commonwealth "used this"—presumably the protective order—"against [him] in a latter [sic] proceeding [and] stated[,] 'I basically waived any contention with the evidence victim has put forth.'" *Id.* I agree that this claim was not fairly presented in Formica's state habeas petition. *See* Va. Habeas Pet. ¶ 14(a)–(j).

However, I cannot determine whether Formica still can raise this question in state court, 28 U.S.C. § 2254(c), because Formica does not say whether he knew about these facts in October 2013, Va. Code § 8.01-654(B)(2). Am. Pet. 18; *see generally* Pet. Supp'l Br. in Opp. to Am. Mot. to Dismiss 4–5, 29, 36–37, 40–41, ECF No. 79; Pet. Br. in Opp. to Mot. to Dismiss 1–3, ECF No. 103. If he did not, then he might still be able to present the claim in a successive habeas petition. *See* Va. Code § 8.01-654(A)(2) ("A habeas corpus petition attacking a criminal conviction or [non-capital] sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court[,] . . . whichever is later."). The Respondents have not demonstrated that Claim 11 is procedurally barred under Virginia Code § 8.01-654 or any other adequate state procedural rule. Accordingly, the Court will address Claim 11 on the merits below. 28 U.S.C. § 2254(b)(2).

2.    *Cause & Prejudice*

Virginia Code § 8.01-654(B)(2) once provided a bar to federal-court review of procedurally defaulted claims that Virginia law required a petitioner to raise on collateral attack, such as ineffective-assistance-of-trial-counsel claims, unless the petitioner could demonstrate

25

cause and prejudice or a fundamental miscarriage of justice. *See, e.g.*, *Saunders v. Johnson*, No. 1:09cv1204, 2011 WL 1558420, at *6 (E.D. Va. Apr. 21, 2011) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)). "That changed in 2012 with the 'narrow exception' set out in *Martinez v. Ryan*." *Juniper v. Zook*, --- F. Supp. 3d ---, 2015 WL 4620102, at *3 (E.D. Va. Aug. 3, 2015) (citation omitted). Now, a Virginia federal court can consider the merits of "an otherwise procedurally defaulted" ineffective-assistance-of-trial-counsel claim, *Fowler v. Joyner*, 753 F.3d 445, 462 (4th Cir. 2014), where the petitioner (1) can demonstrate that the claim is a "substantial one," *Martinez*, 132 S. Ct. at 1318–19; (2) properly pursued his state post-conviction remedies, *Bennett v. Warden*, No. 7:14cv222, 2015 WL 1000749, at *4 (W.D. Va. Mar. 6, 2015) (Urbanski, J.); and (3) did not raise the claim in his first state habeas petition because he was *pro se* or because his post-conviction counsel was ineffective for not raising the claim, *Martinez*, 132 S. Ct. at 1318.

Formica's responses to the Respondents' motions to dismiss make clear that he did not present Claims 8 and 9 in his first state habeas petition because he was *pro se* and he did not "fully understand[] what a petition should contain." Pet. Br. in Opp. to Mot. to Dismiss 2, ECF No. 103; *see also* Pet. Supp'l Br. in Opp. to Am. Mot. to Dismiss 20, 31, 37–38, ECF No. 79. Under *Martinez*, this Court may consider the merits of those procedurally defaulted ineffective-assistance-of-trial-counsel claims if Formica demonstrates that they are "potentially legitimate," 132 S. Ct. at 1315, and not "wholly without factual support," *id.* at 1319. *See Fowler*, 753 F.3d at 462; *Juniper*, 2015 WL 4620102, at *5; *Elder v. Clarke*, No. 7:13cv500, 2014 WL 4407563, at *7–8 (W.D. Va. Sept. 8, 2014) (Urbanski, J.). Typically, "the facts that bear on the *Strickland* prejudice analysis and the *Martinez* substantiality analysis [are] largely the same." *Teleguz v. Davis*, No. 7:14cv254, 2014 WL 3548982, at *24 (W.D. Va. July 17, 2014).

26

Claim 8 is plainly meritless. Formica does not allege specific facts suggesting that Mr. Puryear's failure to subpoena the 911 tapes was objectively unreasonable or that, but for this particular error, he would not have pled guilty and would have insisted on going to trial. *See* Am. Pet. 15. He says only that the tapes would have provided "cumulative evidence to show the jury" that the victim is not trustworthy. *Id.* Formica also now claims that the 911 tapes do not exist at all because he thinks the "victim[] lied about calling the police." Pet. Br. in Opp. at ¶ 9, *In re Michael Joseph Formica*, No. 2323-14-2 (Va. Ct. App. Mar. 3, 2015), ECF No. 93-7 at 5. Either way, the Court cannot fault counsel for failing to obtain "needlessly cumulative," Va. R. Evid. 2:403(b), evidence. *Cf. Fondren v. United States*, 63 F. Supp. 3d 601, 612 (E.D. Va. 2014) ("[T]hese other . . . documents are at best cumulative and at worst irrelevant; counsel was not deficient for failing to present any of this information."). Accordingly, I recommend that the District Court dismiss Claim 8 with prejudice as procedurally defaulted. *Dotson v. Warden of KMCC*, No. 7:13cv529, 2014 WL 5810460, at *3–4 (W.D. Va. Nov. 7, 2014).

Claim 9 is also meritless. Formica's allegation that Mr. Puryear's "systematic" failures to contact certain witnesses and gather particular e-mails coerced him into an unwilling plea is too conclusory to state a claim under *Hill*.[18] First, the Court cannot infer from Formica's allegations what Mr. Puryear actually did or did not do to prepare for trial. *Burt*, 134 S. Ct. at 13, 15, 18. Second, determining whether Mr. Puryear's alleged "failure to investigate or discover potentially

_____

[18] Formica alleges that the victim "asked [him] not to contact her over a simple disagreement," but that they later made amends and resumed e-mail communication. Am. Pet. 14. According to Formica, the victim sent him an e-mail around Valentine's Day 2011 in which she told him to "express [him]self for this obvious lover's holiday." *Id.* Formica believes that the e-mail, which he did not attach as an exhibit to his federal habeas petition or any responsive filing, would have "show[n] the jury" that the victim was "taking a situation out of context," *id.*, and lying about the nature of their relationship. *See, e.g.*, Pet. Supp'l Br. in Opp. to Am. Mot. to Dismiss 4, 7, 19–20, 27, 34, 42, ECF No. 79; Pet. Supp'l Br. in Opp. to Am. Mot. to Dismiss Ex. C at 2–3, 4, 7–8, ECF No. 79. Formica's unsupported, speculative allegations are not sufficient to excuse his failure to properly exhaust this aspect of Claim 9 in state court. *See Martinez*, 132 S. Ct. at 1319.

exculpatory evidence" prejudiced Formica "by causing him to plead guilty . . . [necessarily] depends on the likelihood that discovery of th[is] evidence" would have persuaded a reasonable person to go to trial. *Hill*, 474 U.S. at 59. This assessment in turn depends "in large part on a prediction [of] whether the evidence likely would have changed the outcome of a trial." *Id.* Although Formica need not prove the facts alleged to state a substantial ineffective-assistance claim, *see Martinez*, 132 S. Ct. at 1319–20, the Court cannot infer a constitutional violation from Formica's vague and conclusory allegations or speculation about what the undiscovered evidence might have shown, *see Jackson v. United States*, 638 F. Supp. 2d 514, 581 (W.D.N.C. 2009) ("Claims of ineffective assistance of counsel are not shown by conclusory, speculative allegations.") (citing *Walton v. Johnson*, 440 F.3d 160, 178 (4th Cir. 2006)).

Moreover, Formica's allegation that Mr. Puryear's "failure[] to provide witness's [sic] and evidence coerced [him] into an unwilling plea," Am. Pet. 16, "directly contradict[s] his sworn statements during his [plea] colloquy and sentencing hearing," *Lemaster*, 403 F.3d at 217:

| The Court: | Have you discussed with your lawyer whether you should plead guilty or not guilty? |
|---|---|
| Mr. Formica: | Yes, sir. |
| The Court: | And after that discussion did you decide for yourself to plead guilty? |
| Mr. Formica: | Yes, sir. |

* * *

| The Court: | Are you entering your plea of guilty because you are, in fact, guilty? |
|---|---|
| Mr. Formica: | Yes, sir. |

* * *

| The Court: | Has anyone connected with the --- with your arrest and prosecution, such as the police, the Commonwealth Attorney's office, sheriff's department or anybody else, including your --- your lawyer, in any manner threatened you or forced you to plead guilty here today? |
|---|---|
| Mr. Formica: | No, sir. |

| The Court: | Have they made any promises to you concerning your plea, other than what's contained in the plea agreement that we'll get to in a moment? |
| --- | --- |
| Mr. Formica: | Right, just the plea agreement, sir, yes, sir. |

* * *

| The Court: | . . . Are you entirely satisfied with the services of your lawyer at this time? |
| --- | --- |
| Mr. Formica: | Yes, sir. |

* * *

| The Court: | Have you entered into this plea agreement with the Commonwealth's Attorney? |
| --- | --- |
| Mr. Formica: | Yes, sir. |
| The Court: | Does the written agreement contain the full and complete agreement entered into between you, your lawyer, and the Commonwealth's Attorney? |
| Mr. Formica: | Yes, sir. |
| The Court: | And is the plea agreement an appropriate disposition in your --- in your view? |
| Mr. Formica: | Yes, sir. |

Plea Hr'g Tr. 10, 11, 12, 13. This testimony, along with Judge Haddock's decision to accept Formica's guilty pleas, "constitute a formidable barrier" to federal habeas relief on this claim. *Blackledge*, 431 U.S. at 75; *see also Lemaster*, 403 F.3d at 221–22 ("[I]n the absence of extraordinary circumstances the truth of sworn statements made during a [proper plea] colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any [habeas] motion that necessarily relies on allegations that contradict the sworn statements.").

But that barrier is not insurmountable. *Blackledge*, 431 U.S. at 75; *see also White*, 366 F.3d at 297–98. In *White*, for example, the petitioner alleged in a sworn § 2255 motion that his guilty plea was "induced by [a] fraudulent oral agreement" that he could preserve his right to appeal the district court's ruling on a suppression motion. 366 F.3d at 297. During the Rule 11 hearing, however, "White affirmed his assent to a written agreement that, in fact, contained no provision for a conditional plea." *Id.* But each party to the post-conviction proceedings agreed

29

that the record "also evidence[d] an involuntary plea, which White entered only because . . . counsel specifically assured him that entering into that plea would not prevent him from appealing" the court's evidentiary ruling. *Id.*; *see also id.* at 298 ("The Government conceded and the district court held the plea involuntary because [trial counsel] . . . was constitutionally ineffective in assuring White that the plea was conditional."). The record also "demonstrate[d] that neither the written plea agreement nor any aspect of the plea colloquy contradicted defense counsel's incorrect assurance to White that his plea was conditional." *Id.* at 297–98. The Fourth Circuit held that White's sworn allegations were not "palpably incredible or patently frivolous or false" when viewed against that particular record. *Id.* Thus, the district court could not "summarily dismiss [those] allegations simply because" White had yet to prove them by a preponderance of the evidence. *Id.*

The record before this Court differs significantly from the one in *White*. Because of his lawyer's failure, White pled guilty with an incorrect understanding of a key factor underlying his decision-making process. Formica does not allege that his plea was based on faulty or missing information; rather, all the factors that he now alleges influenced his decision to plead guilty were fully known to him when he entered his plea. Formica specifically testified that he discussed with Mr. Puryear "whether [he] should plead guilty or not guilty," and that, after this discussion, he personally decided to plead guilty under the terms of his written agreement because he was in fact guilty and the "plea agreement [was] an appropriate disposition in [his] view." Plea Hr'g Tr. 9, 11–13. Formica also testified that Mr. Puryear had not "in any manner threatened [him] or forced [him] to plead guilty" on the morning of trial and that he was "entirely satisfied with" Mr. Puryear's services at that time. *Id.* at 12. Viewed against this background, Formica's unsupported, self-serving assertions that Mr. Puryear's failure to summon witnesses or

gather certain emails "systematically" coerced him into an unwilling guilty plea are so palpably

incredible and so patently frivolous or false as to warrant summary dismissal. *See Lemaster*, 403

F.3d at 221–22.

Formica's assertion that on "the day of trial [he] ha[d] to deal with counsel withdrawing"

from the case, Am. Pet. 16, is a more specific factual allegation that could state a claim under

*Hill*. For example, it is undisputed that Mr. Puryear moved on the morning of trial to withdraw at

least in part because Formica "was not willing to speak with [him]" shortly before trial. Plea

Hr'g Tr. 5. In some cases, "a serious breakdown in communication can result in an inadequate

defense" even where the defendant is represented by a competent attorney. *United States v.*

*Blackledge*, 751 F.3d 188, 195 (4th Cir. 2014). The Fourth Circuit, however, "will not find a

guilty plea to be involuntary were there has not been a breakdown of attorney-client

communication so great that the principal purpose the appointment—the mounting of an

adequate defense incident to a fair trial—has been frustrated." *United States v. Bowen*, 492 F.

App'x 401, 403 (4th Cir. 2012) (citing *Smith*, 640 F.3d at 582, 588, 593). Before Formica pled

guilty, he told Judge Haddock that he was "currently satisfied with" Mr. Puryear's representation

and that "whatever difficulties [they] had . . . have been resolved." *Id.* at 4–5. Formica "point[s]

to no evidence of a conclusive break with counsel before his plea, and evidence of disagreements

that were resolved before the plea does not establish a breakdown of communication." *Smith*,

640 F.3d at 594. Thus, while Formica's assertions that his communication with counsel broke

down before the plea hearing are not "wholly without factual support," they are not sufficient as

a matter of law to state a "substantial" or "potentially legitimate" ineffective-assistance claim

such that would excuse Formica's failure to properly exhaust this particular aspect of Claim 9 in

state court. *Martinez*, 132 S. Ct. at 1319–20.

Accordingly, I recommend that the District Court dismiss Claim 9 with prejudice as procedurally defaulted.[19] *Dotson*, 2014 WL 5810460, at *3–4.

B.      *Stay & Abeyance*

Formica also asks this Court to stay proceedings and hold his petition in abeyance so he can "file in the state's highest court another petition to cure all claims" and "completely litigate[]" any unexhausted claim. 1st Mot. to Stay 1, ECF No. 34. Federal courts have inherent "authority to issue stays where a stay would be a proper exercise of discretion." *Rhines*, 544 U.S. at 276. However, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines" that the petitioner showed "good cause" for failing to exhaust claims that are not "plainly meritless." *Id.* at 277. "And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.* at 278.

Stay and abeyance is not appropriate in Formica's case. Claims 1–7 and 10 are exhausted because Formica presented them to the Virginia Supreme Court in his state habeas petition. Claims 8 and 9 are "technically" exhausted because Formica did not present them in his first habeas petition and a state procedural rule would bar consideration if either claim was later presented to the Virginia Supreme Court. *See McClure v. Ozmint*, No. C.A. 2:06-1076, 2007 WL 1656227, at *8 (D.S.C. June 5, 2007) (noting that stay-and-abeyance procedures do not apply to exhausted claims) (citing *Rhines*, 544 U.S. at 275), *aff'd* 251 F. App'x 454 (4th Cir. 2008).

---

[19] Formica now claims that he has a letter the victim wrote to the prosecutor "circa" March 1, 2012, questioning why Formica "got charged with assault [because] he left as [she] came to the door" on January 13, 2012. Pet. Am. Br. in Opp. to Mot. to Dismiss 3, Jan. 20, 2015, ECF No. 54 at 3; *see also* Pet. Am. Br. in Opp. to Mot. to Dismiss Ex. E, at 1, Jan. 20, 2015, ECF No. 54-2 at 16. Formica has not submitted a copy of the letter with any of his responsive filings in this Court. Even so, the victim's purported statements would not excuse Formica's failure to properly exhaust Claim 9 in state court under the "fundamental miscarriage of justice" standard because Formica was not convicted of assault in this case. *See Prieto*, 791 F.3d at 469.

The Court assumes without deciding that Claim 11 is unexhausted and not procedurally defaulted. Even so, that claim is plainly meritless because Formica does not allege that, but for counsel's advice that he consent to the protective order in March 2012, Formica would not have pled guilty and would have insisted on going to trial in October 2012. Am. Pet. 18. Moreover, Formica concedes that this was a strategic choice that counsel thought would "look good to the court." Pet. Supp'l Br. in Opp. to Am. Mot. to Dismiss 40. Courts must evaluate trial counsel's performance "from counsel's perspective at the time of the alleged error" and "apply a 'strong presumption' that trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689). Formica's vague and conclusory allegations, even if true, cannot defeat that presumption. *Abed v. United States*, No. 7:01cv355, 2001 WL 1343394, at *4 (W.D. Va. Oct. 19, 2001) (citing *Strickland*, 466 U.S. at 690; *Machibroda v. United States*, 368 U.S. 487, 495 (1962)); *see also United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petitioner may be disposed of without further investigation by the District Court.").

Accordingly, I recommend that the District Court dismiss Claim 11 with prejudice, *see Dyess*, 730 F.3d at 359; R. Gov. § 2254 Cases in U.S. Dist. Cts., Rule 4, and deny Formica's motions to stay and abey, ECF Nos. 34, 52, *see Rhines*, 544 U.S. at 270, 278.

C.     *Merits*

The parties agree that the Virginia Supreme Court adjudicated rejected Claims 1–7 and 10 on the merits in denying Formica's state habeas petition. This Court cannot not grant habeas relief on any such claim unless the Virginia Supreme Court's adjudication of that claim resulted in a decision that was

(1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). Generally, "[a] decision is contrary to clearly established law if the state court applies a rule that contradicts the governing law set forth in [the holdings of] Supreme Court cases." *Lafler*, 132 S. Ct. at 1390; *accord Carey v. Musladin*, 549 U.S. 70, 75 (2006) ("'[C]learly established Federal law' in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision."). A decision "involves an unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

The Virginia Supreme Court correctly identified *Hill* and *Strickland* as providing the legal standards that govern Formica's ineffective-assistance claims. *See Formica II*, No. 131760, slip op. at 3–5. Thus, this Court must decide whether the Virginia Supreme Court's ruling that Formica's claims were meritless involved an "objectively unreasonable" application of those standards, *Renico v. Lett*, 559 U.S. 766, 773 (2010), given the record before the court at the time, *Cullen*, 131 S. Ct. at 1398. "When a state prisoner asks a federal court to set aside a [conviction or] sentence due to ineffective assistance of counsel," the federal court must "use a doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt*, 134 S. Ct. at 13. Thus, Formica bears "the burden of overcoming two presumptions: that [counsel] performed effectively and that the state court ruled correctly." *Id.* at 18 (Sotomayor, J., concurring); *accord Harrington v. Richter*, 562 U.S. 86, 101 (2011) ("A state

34

court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision.").

Formica's adjudicated ineffective-assistance claims can be fairly grouped into three categories: (1) trial counsel did not interview the victim or obtain potentially relevant emails that the victim sent to Formica after a disagreement; (2) trial counsel did not interview five potential witnesses; and (3) trial counsel did not subpoena the same five individuals to testify at Formica's preliminary hearing in June 2012. *Compare* Am. Pet. 6, 8, 9, 11 and Supp'l Pgs 12–14, 17; *with* Va. Habeas Pet. ¶ 14(h)–(i), and *Formica II*, No. 131760, slip op. at 3–5. The Virginia Supreme Court held that Formica's cursory allegations satisfied neither *Strickland*'s "performance" prong nor *Hill*'s "prejudice" prong because Formica did not identify the potential witnesses, proffer the evidence he thought counsel should have obtained, or allege that, but for counsel's purported errors, he would not have pled guilty and would have insisted on going to trial. *See Formica II*, No. 131760, slip op. at 3–5.

The Virginia Supreme Court's decision was reasonable given the record before it. Simply put, Formica failed to present enough evidence to overcome the presumption that Mr. Puryear performed reasonably and that, even if he did not, his specific errors did not prejudice Formica. *Burt*, 134 S. Ct. at 18 (Sotomayor, J., concurring). For example, it is well established that an ineffective-assistance claim "predicated on [counsel's] failure to call witnesses fails" when the petitioner does not produce "affidavits verifying the witnesses' testimony" or at least a proffer of that evidence. *Nelson v. Johnson*, No. 1:10cv736, 2011 WL 1790129, at *5 (E.D. Va. May 5, 2011) (citing *Bassette v. Thompson*, 915 F.2d 932, 941 (4th Cir. 1991)); *accord Hill*, 474 U.S. at 59–60. "Here, then, where it is clear that [Formica] offered no affidavits [or other reliable statements] to demonstrate what favorable evidence or testimony the . . . missing witnesses

would have . . . produced at trial, the state courts' rejection of [those claims] was based on a reasonable determination of the facts, and was not contrary to or an unreasonable application of clearly established federal law."[20] *Nelson*, 2011 WL 1790129, at \*5; *accord Burt*, 134 S. Ct. at 15 ("It should go without saying that the absence of evidence cannot overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."). Accordingly, I recommend that the District Court dismiss Claims 1–7 and 10 with prejudice.

D.    *Motion to Amend*

Finally, Formica seeks to amend his petition by adding unidentified claims. ECF No. 108. Although leave to amend should be freely granted, Fed. R. Civ. P. 15(a)(2), a court may deny leave when it would be futile because the proposed amendment does not allege facts that state a claim for relief. *Cominelli*, 589 F. Supp. 2d at 712. Formica's motion does not contain any factual allegations about the specific "exhausted and unexhausted" claims he wants to add. Mot. to Amend 1. Moreover, Formica's request is based on his misunderstanding of one generic sentence in the Warden's Rule 5 Answer:

> COMES NOW Petitioner pro se in response to Respondent's response to Petitioners Response to Rule 5 Answer and Motion to Dismiss, line 2 states; *Each and every allegation not expressly admitted should be taken as denied.* Petitioner has diligently reviewed the rules and law that govern this section and with the embryonic knowledge cannot afford, in the interest of justice to waive all know claims at this point, exhausted or unexhausted. Respondent is clearly stating that Petitioner is being warned to file a compete habeas that is known to Petitioner at this time. The Petitioner is moving that this Honorable court allow an additional

---

[20] Formica's federal habeas petition fills in some of the factual allegations that the Virginia Supreme Court found lacking. *See* Am. Pet. 6, 8, 9, 11 and Supp'l Pgs 12–14, 17. Even if this Court could consider that information, which it cannot, *Cullen*, 131 S. Ct. at 1398, the additional allegations are far too speculative to put the Virginia Supreme Court's ruling on the merits "beyond any possibility for fairminded disagreement," *Harrington*, 562 U.S. at 103. *See Jackson*, 638 F. Supp. 2d at 581 ("Claims of ineffective assistance of counsel are not shown by conclusory, speculative allegations.").

36

> 30 days to incorporate to prepare of submittal [o]f all claims as stated by the
> Respondent.

*Id.* (formatting and errors in original). The italicized sentence simply states that the Warden

denies "each and every allegation" in Formica's petition to which the Warden does not

"expressly admit." Resp. Rule 5 Ans. ¶ 2, ECF No. 92; *accord* R. Gov. § 2254 Cases in U.S.

Dist. Cts., Rule 5(b); Fed. R. Civ. P. 8(b)(6) ("An allegation . . . is admitted if a responsive

pleading is required and the allegation is denied."). It does not refer to Formica's federal habeas

claims at all. Accordingly, I recommend that the District Court deny Formica's motion to amend

as futile.

## IV. Conclusion

For the foregoing reasons, I respectfully recommend that the presiding District Judge

**DENY** Formica's motions to stay and abey, ECF Nos. 34, 58, **DENY** Formica's motion to

amend, ECF No. 108, **GRANT** the Respondents' motions to dismiss, ECF Nos. 59, 62, 91, and

**DISMISS** Formica's amended petition, ECF No. 3, with prejudice.

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and
> Recommendation], any party may serve and file written objections to such
> proposed findings and recommendations as provided by rules of court. A judge of
> the court shall make a de novo determination of those portions of the report or
> specified proposed findings or recommendations to which objection is made. A
> judge of the court may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge may also receive
> further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within

14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is

directed to transmit the record in this matter to the Honorable Michael F. Urbanski, United States

District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record and unrepresented parties.

ENTER: August 21, 2015

Joel C. Hoppe
United States Magistrate Judge