IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL FORMICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 7:14cv00357 |
| v. ) | |
| ) | |
| SUPERINTENDENT OF THE ) | By: Michael F. Urbanski |
| CENTRAL VIRGINIA REGIONAL ) | United States District Judge |
| JAIL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Pro se petitioner Michael Formica has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Defendants moved to dismiss, and this matter was referred to United States Magistrate Judge Joel C. Hoppe for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). In a report and recommendation issued on August 21, 2015, the magistrate judge recommended the court dismiss the petition with prejudice. On September 8, 2015, the date objections to the report were due, the court received from Formica a motion for an extension of time to file his objections, in which he asserted he intended to mail his objections on September 7th. The magistrate judge denied Formica's motion, but indicated that "[i]f Formica follows through with his stated plan to deliver his objections to a prison official on September 7, 2015, for mailing, his objections will be considered filed within the period allowed." ECF No. 111. The court received via facsimile on September 15, 2015 a document entitled "Motion in Opposition to Report and Recommendation." ECF No. 112. On September 17, 2015, Formica filed a motion for extension asking for an additional thirty days to file objections to the report, ECF No. 113, as well as a document entitled "Objection to Extension to Respond to Report and Recommendation," ECF No.

114, in which he appears to object to the magistrate judge's order denying his request for extension. On September 18, 2015, respondents filed a reply, objecting to the court's consideration of Formica's most recent filings.

As set forth below, the court will **ADOPT** the magistrate judge's report in its entirety and **DISMISS** Formica's § 2254 petition with prejudice.

I.

Rule 72(b)(2) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498

2

F. App'x 268 (4th Cir. 2012) (citing Veney v. Astrue, 539 F.Supp.2d 841, 845 (W.D. Va. 2008)); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

Additionally, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of h[is] entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously-raised arguments will not be given "the second bite at the apple []he seeks;" instead, his re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II.

Formica has not filed timely or proper objections to the magistrate judge's report as required by Rule 72(b).

On September 8, 2015, the deadline for filing objections reflected on the docket, see ECF No. 109, the court received from Formica a typed, 5-page motion for extension of time, in which Formica explained that he "mails all motion[s], responses, and supplements to Texas to be prepared and in safe storage since the jail took petitioners legal material."[1] ECF No. 110. Formica asserted that his "declaration in opposition to report and recommendation will be mailed on the 7th day of

---

[1] The court gleans from Formica's filings that his father in Texas assists with the preparation of his court documents. See ECF No. 110 at ¶ 2; ECF No. 112 at p. 4.

3

September 2015."  Id.  Formica also included in this motion twenty-two paragraphs outlining what he claims are "serious extraordinary issues [that] have curtailed the writ."  Id.

The magistrate judge denied the motion for extension, finding Formica failed to show good cause under Rule 6(b).  However, the magistrate judge held that "[i]f Formica follows through with his stated plan to deliver his objections to a prison official on September 7, 2015, for mailing [pursuant to the prison mailbox rule, see Houston v. Lack, 487 U.S. 266, 276 (1988)], his objections will be considered filed within the period allowed."  ECF No. 111.

On September 15, 2015, the court received in chambers via facsimile a 36-page typewritten document entitled "Motion in Opposition to Report and Recommendation."  ECF No. 112.  The cover sheet states the document was sent from Michael Formica at Pocahontas State Correctional Center but, in fact, the facsimile transmission came from "Copy Doctor Houston" with a Houston, Texas area code.  This document bears Formica's signature and the date September 15, 2015; the certificate of service also reflects a date of September 15, 2015.  Plainly, Formica did not mail his objections on September 7, 2015, as represented in his initial motion for extension.

Two days later, the court received Formica's handwritten "Motion for 30 Day Extension," ECF No. 113, and "Objection to Extension to Respond to Report and Recommendation," ECF No. 114, both of which were postmarked September 15, 2015.  In his motion, Formica seeks an additional thirty days to file objections to the report and recommendation, stating he has difficulty getting copies made and explaining his practice of sending his drafts to Texas, which are then sent back for review and corrected over the phone before being sent to the court.  Formica also states he "meant to put 17 day of September 2015 not the 7th day of September 2015," presumably referring to the representation he made in his first motion for extension.  ECF No. 113.  The document labeled "Objection to Extension to Respond to Report and Recommendation," appears to be an objection to the magistrate judge's September 10th Order denying Formica's first motion for

4

extension. In this document, Formica complains of his lack of access to the law library and a copy machine and again details his practice of sending documents to Texas for drafting and formatting, which he states involves a 10-day turn-around time. ECF No. 114.

The court notes that nothing in the rules requires Formica's court filings to be typed—indeed, the court quite frequently receives and is able to decipher handwritten filings from pro se litigants. The fact that Formica chooses to send his legal documents to Texas to be typed and formatted and then mailed to the court, instead of taking advantage of the prison mailing rule and delivering the documents to a prison official for mailing, see Houston, 487 U.S. at 276, does not provide good cause for an extension of time.[2] In any event, as the court has now received Formica's late-filed objections to the report, there is certainly no reason for the additional 30-day extension Formica seeks. His second motion for extension (ECF No. 113) therefore will be **DENIED as moot**.

The court has reviewed Formica's objections and finds that even if they had been timely filed, they lack merit. The majority of his filing consists of a timeline of events and asserts facts Formica deems relevant to his petition. Formica does not point to any error in the magistrate judge's legal analysis or findings with respect to the validity of the eleven claims raised in this habeas petition. As such, his objections are, at best, general objections that lack the specificity required under Rule 72.

### III.

In a lengthy report, the magistrate judge thoroughly reviewed the state court record and addressed the complex legal issues involved in this § 2254 case. The court finds no error in his

---

[2] The fact that Formica was able before the expiration of the objection deadline to file a typewritten motion for extension of time, which contained twenty-two paragraphs of factual assertions, further proves that an extension is not necessary. See ECF No. 110.

5

analysis. As such, the report and recommendation will be **ADOPTED in its entirety**, and Formica's habeas petition will be **DISMISSED with prejudice**.

An appropriate Order will be entered.

Entered: September 21, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge