CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 15 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MICHAEL FORMICA,
    Petitioner,

Civil Action No. 7:14-cv-00357

v.

**ORDER**

SUPERINTENDENT OF THE CENTRAL
VIRGINIA REGIONAL JAIL, et al.,
    Respondents.

By:  Hon. Michael F. Urbanski
      United States District Judge

On September 21, 2015, the court adopted a report and recommendation and dismissed Petitioner's habeas petition filed pursuant to 28 U.S.C. § 2254. (ECF No. 118.) Thereafter, the court denied Rule 59(e) motions and Rule 60(b) motions on October 16 and 28, 2015. Pursuant to United States v. McRae, 793 F.3d 392, 400 (4th Cir. 2015), the Court of Appeals for the Fourth Circuit vacated and remanded a portion of the October 28, 2015, order that denied Petitioner's Rule 60(b) motions. Formica v. Superintendent of the Central Virginia Regional Jail, No. 15-7728, slip op. at 3 (4th Cir. March 15, 2016). The Court of Appeals found no need to review the court's dismissal of the § 2254 petition or the denial of the Rule 59(e) motions, finding the rulings were not debatable or wrong. Id. at 2-3.

"[A] Rule 60(b) motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition," and is therefore subject to the preauthorization requirement of 28 U.S.C. § 2244(b)(3)(A) for successive applications. McRae, 793 F.3d at 397 (internal quotation marks omitted). By contrast, "[a] Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings . . . is a true Rule 60(b) motion, and is not subject to the preauthorization requirement." Id. (internal quotation marks omitted). Where, however, a motion "presents claims subject to the requirements for successive applications as well as claims

cognizable under Rule 60(b)," it is properly characterized as a mixed Rule 60(b)/§ 2254 petition. Id. at 400 (internal quotation marks omitted). In that circumstance, "'the district court should afford the applicant an opportunity to elect between deleting the improper claims or having the entire motion treated as a successive application.'" Id. (quoting United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003)).

The Court of Appeals remanded this matter for one purpose: to allow Petitioner to elect between (1) deleting the improper claims, or (2) having the motions treated as successive applications. In accordance with McRae, Petitioner has ten days from the date of this Order to file a one-page document choosing either option (1) to delete the improper claims, or option (2) to have the improper claims treated successive petitions.[1] The court will dismiss the Rule 60(b) motions if Petitioner fails to comply with the conditions of this Order.[2]

The Clerk shall send a copy of this Order to the parties.

It is so **ORDERED**.

ENTER: This \_\_12\_\_ day of August, 2016.

/s/ Michael F. Urbanski
United States District Judge

---

[1] Petitioner's submissions in this action establish the need for a strict page limitation. The court will not allow Petitioner to submit numerous voluminous responses, as is his litigation practice, to the sole question pending in this action.
[2] Petitioner filed a 57 page "motion to supplement motion to reopen the case by leave of court." This motion is **DENIED** as moot in light of the two permissible options allowed by the remand.

2